Commonwealth ex rel. Schnader, Appellant, *v.* Globe Indemnity Company.

Argued May 22, 1933, reargued November 27, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wm. A. Schnader,* Attorney General, with him *Bernard G. Segal,* Assistant Deputy Attorney General, and *Harold D. Saylor,* Deputy Attorney General, for appellant.

*Francis B. Bracken,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 15, 1934:
The Diamond National Bank of Pittsburgh was an active depository of the funds of the Commonwealth, and for their return, when demanded, the Globe Indemnity Company, defendant herein, became surety by two bonds for $250,000 and $100,000 respectively. The bank failed and the Commonwealth sued on the two bonds, claiming to recover the sum of $200,054.98 with interest. Defendant filed an affidavit of defense, alleging that it was relieved of all liability, because the Commonwealth continued to make deposits after it was notified in writing not to do so, the later deposits being practically the only

ones in the bank at the time of its failure. The Commonwealth took a rule for judgment for want of a sufficient affidavit of defense for the whole of its claim, and the court below, after argument thereof, made the following order:

"And now, April 18, 1933, it is ordered, adjudged and decreed that judgment be entered in favor of the Commonwealth and against the defendant for the sum of $568.04, together with interest,......amounting to $14.55, making a total of $582.59; and that the Commonwealth of Pennsylvania is not entitled to judgment for want of a sufficient affidavit of defense for the balance of the amount claimed by it."

As defendant admits liability for the $568.04, that part of the judgment must be affirmed. In the view we take of the case, we may assume that the court below was also correct in its conclusion that, upon the record as it then stood, plaintiff was "not entitled to judgment for want of a sufficient affidavit of defense for the balance of the amount claimed by it." This form of order does not prevent the Commonwealth from proceeding to trial to recover that balance, though, at the bar of this court, all the counsel apparently thought that it did. On a rule such as this, the court below cannot properly enter a final judgment, unless the parties have agreed either that it should have the right so to do, or that the averments of the affidavit of defense should be taken as true. There is nothing of record in this case to show such an agreement, though in a colloquy between counsel and the court, at the time of the argument of the rule for judgment, the deputy attorney general said "while it is true that all of that money, with perhaps the exception of a very few dollars which was on deposit in June, and on deposit in July [the dates beyond which defendant alleges the Commonwealth should not have made further deposits], was later withdrawn from the bank and other money put back in its place, so that there were truly new deposits made after the cancellation notices were given."

This, however, is far from an agreement that the court might proceed to enter a final judgment in the case.

In our opinion, therefore, though perhaps not always absolutely necessary, the safer way, where as here a judgment is entered for plaintiff for part of its claim, is to add thereto the following or similar words: "with leave to plaintiff to take such further proceedings as it may be advised are proper to be taken to recover the balance of its claim sec. leg." In this case we reach that conclusion the more readily, since it is at least extremely doubtful whether this is such a clear case as to justify a summary judgment, and since also no consideration seems to have been given by court or counsel to the clause in each of the bonds in suit, that "in case of a breach of any of the conditions of the foregoing bond, the said *surety holds itself bound as principal* for any debts arising thereunder......and agrees to answer for the same without regard to and independently of any action taken against the said [bank] and whether the said [bank] be first pursued or not"; and the record does not disclose whether or not any steps, other than the written notices as to further deposits, were taken by defendant, and if so what, to relieve itself from the apparent broad liability thereby imposed.

The judgment of the court below is so modified as to give leave to plaintiff to proceed sec. leg. to recover the balance of its claim, and as thus modified the judgment is affirmed.